UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DAVID HOLLMON,

        Plaintiff,         Case No. 2:14-cv-196

v.         Honorable R. Allan Edgar

JEFFREY WOODS et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Woods, Steive, Lamb and Shelton. The Court will serve the complaint against Defendants Brotoski, Corizon Medical Services and LaPlaunt.

**Discussion**

I.        Factual allegations

Plaintiff presently is incarcerated at the Chippewa Correctional Facility (URF). In his *pro se* complaint, he sues Corizon Medical Services and the following URF employees: Warden Jeffrey Woods, Dr. Michael[1] Brotoski, Chief Medical Officer Dr. Jeffrey Steive, Healthcare Unit Manager (HUM) Melissa LaPlaunt, Assistant Regional Healthcare Administrator Patricia Lamb, and Healthcare Administrator Joanne Shelton for violating his Eighth Amendment rights.

Plaintiff complains that Dr. Brotoski removed him from his seizure medicine on February 19, 2014, for failing to go to the medical call-out line. Plaintiff explained to Dr. Brotoski that he did not go to the call-out line because it was too cold to stand outside and the cold aggravated his asthma. Dr. Brotoski, however, still denied Plaintiff's medication. Since being taken off his seizure medicine, Plaintiff asserts that he has migraine headaches, dizziness, black-outs and seizures. Plaintiff states that he has not been seen by Dr. Brotoski since he was taken off his medication.

Plaintiff asserts that he filed complaints with Corizon Medical Services, Chief Medical Officer Steive and Healthcare Administrator Shelton to investigate the denial of his seizure medication to no avail. Plaintiff also claims that Warden Woods and Healthcare Administrator Lamb were both aware of Plaintiff's medical situation through grievances Plaintiff filed but refused to assist Plaintiff. Plaintiff further states that while HUM LaPlaunt knew of Dr. Brotoski's actions, LaPlaunt refused to do anything about Plaintiff's medical care despite numerous complaints from

---

[1] Plaintiff names Defendant Brotoski as Michale. The correct spelling of Defendant's first name is Michael. The Court will use the correct spelling of Defendant Brotoski's name herein.

Plaintiff and his family members. Specifically, Plaintiff claims that LaPlaunt "refuse[d] to address the situation or inform the doctor of [Plaintiff's] complaint[s]." (Compl., docket #1, Page ID#5.)

For relief, Plaintiff requests monetary damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     Supervisory Liability

Plaintiff fails to make specific factual allegations against Defendants Chief Medical Officer Steive, Healthcare Administrator Shelton, Warden Woods and Assistant Regional Healthcare Administrator Lamb, other than his claim that they failed to conduct an investigation in response to his complaints and grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to

allege that Defendants Steive, Shelton, Woods and Lamb engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### B. Eighth Amendment

The Court concludes that Plaintiff's allegations are sufficient to warrant service of his Eighth Amendment claim on Defendants Brotoski, Corizon Medical Services and LaPlaunt.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Woods, Steive, Lamb and Shelton will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Brotoski, Corizon Medical Services and LaPlaunt.

An Order consistent with this Opinion will be entered.


Dated:  10/30/2014                              /s/ R. Allan Edgar
                                            R. ALLAN EDGAR
                                            UNITED STATES DISTRICT JUDGE